**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MICHAEL CHASE MORRIS,**<br><br>**Defendant.** | **Case No. 15-CR-0115-001-CVE** |

**Government's Sentencing Memorandum**

After considering all the factors provided by 18 U.S.C. § 3583(e), the Court should impose the maximum sentence permitted under the law, and at minimum, sentence Mr. Morris to the high end of the Guidelines – 14 months per count, consecutive, for a total of at least 56 months of imprisonment.

## I. Argument

Under 18 U.S.C. § 3584, district courts have discretion whether to impose consecutive or concurrent sentences of imprisonment; this statute applies to prison terms for violations of supervised release as well. *U.S. v. Rose*, 185 F.3d 1108, 1111-1112 (10th Cir. 1999). To do so, the Court must state its reasons for imposing such a sentence, but "need not expressly weigh each of the § 3553(a) factors on the record. Instead, the district court need only 'consider 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence.'" *Id.* at 1113 (internal citations omitted).

The Court would be hard-pressed to find a similarly situated defendant who has demonstrated a more recidivistic pattern and lifestyle of fraudulent behavior coupled with a clear unwillingness to comply with the Court's orders. This Court and Mr. Morris are more than familiar with each other given his previous five federal fraud-related convictions since 1988. Prior to his latest conviction and instant proceeding, Mr. Morris has had his terms of supervised release repeatedly revoked for having committed additional fraudulent conduct. PSR at ¶ 65, Dkt. No. 1085, Revised June 23, 2016 (noting seven prior revocations for fraudulent behavior).

Put simply, Mr. Morris's criminal history and characteristics warrant the stiffest permissible sentence under the law to both afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B)) and protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C)). Accordingly, the Court should exercise its discretion based on the voluminous record here to impose consecutive sentences of imprisonment per count.

**a. Afford Adequate Deterrence to Criminal Conduct**

Freedom has only enabled and motivated Mr. Morris to commit additional criminal conduct. The underlying basis for his current revocation is violating the standard mandatory condition requiring the defendant not to commit another federal, state or local crime. In his very first submission of required information to the U.S. Probation Office, Mr. Morris violated 18 U.S.C. § 1001(a)(1) by lying, providing false information, and concealing truthful information from his probation officer in his efforts to thwart her efforts to providing meaningful supervision.

Mr. Morris wasted no time engaging in additional transactions prohibited by his terms of release, and then willfully tried to hide his tracks when confronted by his supervising probation officer. The Probation Office should be applauded for their quick and thorough diligence to supervise Mr. Morris and then bring his misconduct to the attention of the Court as quickly as they did. The defendant's immediate and recalcitrant misconduct at the beginning of his latest term of supervised release demonstrates that only a meaningful term of imprisonment is necessary to afford adequate deterrence to criminal conduct. Mr. Morris, of all defendants, readily knows the potential consequences for violating the terms of his supervised release, and imprisonment has unfortunately proven to be the only means available to stop his recidivistic criminal behavior.

**b. Protect the Public From Further Crimes of the Defendant**

Like deterrence, the public needs to be protected from this defendant's uninhibited willingness to violate the law. Mr. Morris's criminal past evidences an unrepentant serial fraudster whose seamless pattern of similar misconduct exhibits a strong likelihood of recidivism, and no amount of court supervision and related reprimands has ever proven effective to protect the public from his clear desire to continue to commit crimes. *See* PSR at ¶ 66. The Tenth Circuit has previously reviewed Mr. Morris's past, noting, in part: "His conniving, manipulative and narcissistic behaviors continue unabated, an obvious risk to public safety." *Id*. citing 02-CR-072-JHP, Dkt. No. 151, p. 17.

Mr. Morris was yet again given a chance for freedom and an opportunity to

demonstrate his willingness and ability to behave. He quickly demonstrated either his unwillingness or inability to comply with the standards of conduct required of him to remain free. Accordingly, imprisonment is necessary to also protect the public from further crimes by Mr. Morris. He has been given numerous opportunities to thrive, including his most recent revocation wherein he was released from the BOP well before the total 36-month sentence this Court imposed. Indeed, he received a 36-month term of imprisonment on March 31, 2023, but commenced his latest term of supervised release on December 31, 2024. Despite that gift – and chance to prove himself – he immediately demonstrated no ability or interest in conforming his actions within the confines of the law.

## Conclusion

Based on the forgoing, including Mr. Morris's almost immediate violation in the instant case, coupled with his lengthy and repeated history of non-compliance, the Court should impose the maximum sentence permitted under the law, and at minimum, impose a sentence at the high end of the Guidelines – 14 months per count, consecutive, for a total of at least 56 months of imprisonment. Such a sentence is necessary to both afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ David D. Whipple*
David D. Whipple, D.C. Bar No. 999495
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**Certificate of Service**

I hereby certify that on the 24th day of March, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ben Hilfiger
ben@cookhilfiger.com
*Counsel for Defendant Morris*

*/s/ David D. Whipple*
David D. Whipple
Assistant United States Attorney