IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

SEP 1 8 2026

Bonnie N. Hackler, Acting Clerk
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
Plaintiff/Respondent,

v.

MICHAEL CHASE MORRIS,
Defendant/Movant.

Case No. 15-CR-0115-001-CVE
Civil No. 4:26-cv-00192-CVE-MTS

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE (DKT. ## 112, 115) AND THE AMENDED MOTION UNDER 28 U.S.C. § 2255 (DKT. ## 113, 114)**

✓ Mail ___No Cert Svc ___No Orig Sign
___C/J ___C/MJ ___C/Ret'd ___No Env
___No Cpy's ✓ No Env/Cpy's ___O/J ___O/MJ

## TABLE OF CONTENTS

**I. THE SUPPLEMENTAL AUTHORITY** .......... 3
**II. APPLICATION TO THIS RECORD** .......... 4
1. Statutory nexus .......... 4
2. Proportionality .......... 5
3. Policy-statement consistency .......... 6
**III. CONCLUSION** .......... 7

## TABLE OF AUTHORITIES

**Cases**

*United States v. Bycroft*, 155 F.4th 1177 (10th Cir. 2025) ....................4

*United States v. Caraballo*, No. 25-5106 (10th Cir. June 30, 2026) (unpublished) ....................4

*United States v. Mendoza*, 170 F.4th 921 (5th Cir. 2026) (published) .................... passim

*United States v. Quiroz*, No. 25-50952 (5th Cir. Sept. 14, 2026) (unpublished) ....................3

**Statutes**

18 U.S.C. § 3583(d) .................... passim

18 U.S.C. § 3583(e)(2) ....................5

**Sentencing Guidelines**

U.S. Sent'g Guidelines Manual § 5D1.3(b)(3)(B)–(C) (U.S. Sent'g Comm'n 2025) ....................4

U.S. Sent'g Guidelines Manual § 5D1.3(d)(2)–(3) (U.S. Sent'g Comm'n 2024) (pre-amendment) ....................4

U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, Amendment 835 (Apr. 30, 2025) ....................4, 5

**Rules**

10th Cir. R. 32.1(A); Fed. R. App. P. 32.1 ....................3

Defendant/Movant Michael Chase Morris, appearing pro se, respectfully submits this Notice of Supplemental Authority to bring to the Court's attention two recent decisions — one published, one unpublished — that bear directly on grounds already pleaded in the Motion to Modify Conditions of Supervised Release (Dkt. ## 112, 115) and the Amended § 2255 Motion (Dkt. ## 113, 114). This Notice presents no new ground for relief and is filed while the matter is under submission. Every authority cited herein has been verified against the official reporter, the court's official slip opinion, or the issuing body's official text.

## I. THE SUPPLEMENTAL AUTHORITY

*A. United States v. Mendoza*, 170 F.4th 921 (5th Cir. 2026) (published, authored by Chief Judge Elrod).

In *Mendoza*, the Fifth Circuit vacated two special conditions of supervised release — a financial-disclosure condition and a credit-approval condition — for violating 18 U.S.C. § 3583(d). The court stated the governing three-part framework:

> A district court may impose discretionary, or special, conditions of supervised release, but under 18 U.S.C. § 3583(d), its authority to do so is circumscribed in three ways. First, the condition must be 'reasonably related' to [the applicable § 3553(a) factors]. Second, the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs. Third, the condition must be consistent with the policy statements issued by the Sentencing Commission.

*Mendoza*, 170 F.4th at 926 (cleaned up). The credit-approval condition required that the defendant "not incur new credit charges or open additional lines of credit without the approval of the probation officer." *Id.* The financial-disclosure condition required him to "provide the probation officer with access to any requested financial information and authorize the release of any financial information" to the United States Attorney's Office. *Id.*

The court vacated both conditions because: (1) the record contained no individualized justification for them; (2) they imposed a "greater deprivation of liberty than is reasonably necessary" given the absence of a restitution order; and (3) they were inconsistent with the Sentencing Commission's policy statements, which authorize a financial-disclosure condition only "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine" and a credit-approval condition only "[i]f an installment schedule of payment of restitution or a fine is imposed." *Id.* at 926–27 (quoting U.S.S.G. § 5D1.3(b)(3)(B)–(C) (2025)).

Critically, the court held that the conditions were erroneous even under the more demanding *plain-error* standard: "even if we had reviewed this issue for plain error, we would have vacated these conditions as the product of plain error that affected Mendoza's substantial rights and affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 927 n.2.

*B. United States v. Quiroz*, No. 25-50952 (5th Cir. Sept. 14, 2026) (unpublished).

In *Quiroz*, decided September 14, 2026, the government itself moved to vacate the financial-disclosure and credit-approval conditions of supervised release imposed on remand, conceding that the conditions were "plainly erroneous under 18 U.S.C. § 3583(d)." The Fifth Circuit granted the unopposed motion and vacated the conditions, citing *Mendoza*, 170 F.4th at 926–27. The government's own concession of plain error, adopted by the court without analysis, confirms that financial-disclosure and credit-approval conditions imposed without an individualized record basis are indefensible under § 3583(d).

## II. APPLICATION TO THE MORRIS RECORD

The following applies *Mendoza*'s three-part framework to Morris's Special Financial Condition as it was actually imposed and as the probation office actually applied it. *Mendoza* arose from an original sentencing rather than a revocation; Morris acknowledges the distinction. Section 3583(d)'s three limitations govern the imposition of discretionary conditions in both postures, and *Mendoza*'s construction of those limitations is equally applicable here.

**The Special Financial Condition — what it actually requires.** The Special Financial Condition imposed at Morris's 2016 sentencing (Dkt. # 40, at 4) and reimposed verbatim at the March 26, 2025 revocation sentencing (Dkt. # 98, at 5) contains five distinct components:

> 2(a) Maintain a single bank account with all income deposited into it; disclose the account to Probation; produce all account statements on demand.
> 2(b) Not incur any new credit charges or open additional lines of credit without the prior approval of the probation officer.
> 2(c) Disclose all assets and liabilities to Probation.
> 2(d) Not transfer any assets without the approval of the probation officer.
> 2(e) Execute financial affidavits as requested by the probation officer.

(Dkt. # 40, at 4; Dkt. # 98, at 5.) Morris carries a restitution obligation of $1,640,530.71 from his original 2016 conviction, reimposed at the 2025 revocation sentencing, payable at $100 per month or 10 percent of net income, whichever is greater, through the Inmate Financial Responsibility Program during incarceration and thereafter upon supervised release. (Dkt. ## 40, 98.)

**1. Statutory nexus — component by component.** Under § 3583(d)(1), each component must be "reasonably related" to the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, or the defendant's correctional needs. *Mendoza*, 170 F.4th at 926.

**Condition 2(a) — single-account and disclosure.** The 2025 revocation petition alleged that Morris failed to separately disclose the Sunbelt Holdings LLC business account. (Dkt. # 77, at 3.) But Sunbelt Holdings had been *closed*; its remaining balance had been transferred into the Wells Fargo personal account that Morris disclosed. The transfer was visible as a line item on the very Wells Fargo statement Morris handed to Officer McClintock on February 5, 2025. (Dkt. # 113, at 4–5; Morris Decl. ¶¶ 7–8, Dkt. # 113.) Under *Mendoza*'s nexus inquiry, a disclosure condition applied to an account that was already closed and whose funds were already in the disclosed account lacks a "reasonably related" factual basis. There is no financial risk being detected or deterred. The sentencing transcript contains no finding identifying any risk of asset concealment, account proliferation, or evasion of the restitution obligation that would supply the nexus. (Dkt. # 107, at 13–15.)

**Condition 2(b) — prior credit approval.** The credit-approval condition in *Mendoza* — "not incur new credit charges or open additional lines of credit without the approval of the probation officer" — is materially identical to Morris's Condition 2(b). 170 F.4th at 926. The 2025 petition charged Morris with opening Klarna, Sezzle, Zip, Afterpay, and Kikoff accounts without prior approval. (Dkt. # 77, at 3–4.) Each of those accounts was opened *before* Morris's supervision commenced on December 31, 2024. (Morris Decl. ¶ 11.) They appeared on the Wells Fargo statement Morris produced. (*Id.* ¶ 12.) Morris never applied for or opened any new credit account *during* supervision. (*Id.*) The credit-approval condition, as applied, reached pre-supervision accounts that were already visible in disclosed documents. The sentencing transcript identifies no finding that Morris's use of consumer credit presented any specific risk related to his offense, his restitution obligation, or public protection. (Dkt. # 107, at 13–15.)

**Conditions 2(c) and 2(d) — asset disclosure and transfer approval.** These components require disclosure of all assets and liabilities and advance probation approval before any asset transfer. The sentencing transcript identifies no finding of a fraudulent transfer, no evidence of asset dissipation, and no evasion of the restitution obligation. The adjudicated violation was a reporting irregularity on a monthly supervision form — not a fraudulent conveyance. The absence of an identified transfer risk means these components lack the nexus § 3583(d)(1) requires.

**Condition 2(e) — financial affidavits.** The mandatory financial-affidavit component exposes Morris to a continuing obligation to execute documents whose scope and frequency are determined by the probation officer without defined limits. *Mendoza*'s financial-disclosure analysis — which vacated a condition permitting access to "any requested financial information" — applies with equal force to a condition permitting affidavits on "request" without constraint. 170 F.4th at 926.

**2. Proportionality.** Even where some nexus exists, § 3583(d)(2) independently prohibits conditions imposing "a greater deprivation of liberty than is reasonably necessary" to advance deterrence, protect the public, and address correctional needs. *Mendoza*, 170 F.4th at 926. Consider what these conditions require of a 64-year-old defendant whose restitution obligation is $100 per month or 10 percent of net income: he must funnel all income through a single account, obtain advance approval before any credit decision, disclose every asset and liability, seek probation approval before any asset transfer, and execute affidavits on demand — a regime calibrated to a large, active fraud operation, applied to a supervisee whose adjudicated violation was a paperwork irregularity on his first monthly report.

The Fifth Circuit in *Mendoza* observed that the absence of an identified financial obligation or financial-risk finding, combined with the broad scope of the conditions, established that the

conditions exceeded what was reasonably necessary. 170 F.4th at 927. Here, the restitution obligation exists — but the proportionality question asks whether conditions of this breadth are reasonably necessary to serve it. Less intrusive measures are available and would adequately address any legitimate supervision concern: production of the Wells Fargo account statement upon request (already done voluntarily); notification of material new debt; or a prohibition specifically on fraudulent financial conduct. The government has never explained why those alternatives are inadequate. (Dkt. # 107, at 13–15; Dkt. ## 112, 127.)

**3. Policy-statement consistency.** Section 3583(d)(3) requires that conditions be consistent with the Sentencing Commission's policy statements. *Mendoza* held that financial-disclosure and credit-approval conditions were inconsistent with USSG § 5D1.3(b)(3)(B)–(C) (2025), which authorizes financial-disclosure conditions "[i]f the court imposes an order of restitution, forfeiture, notice to victims, or a fine" and credit-approval conditions "[i]f an installment schedule of payment of restitution or a fine is imposed." 170 F.4th at 927.

Morris's restitution payment is $100 per month or 10 percent of net income. There is no identified risk that Morris is concealing assets or evading the obligation. The USSG § 5D1.3(b)(3) framework authorizes financial conditions as collection and compliance tools — not as general financial surveillance. The scope of Conditions 2(a)–(e) exceeds what the policy statements contemplate and must be modified to align with the identified supervisory purpose. The Sentencing Commission's November 1, 2025 Amendment 835 revised and narrowed the provision *Mendoza* construed, reinforcing the requirement of individualized assessment and directing that conditions "imposed by default" — without nexus to the specific defendant's circumstances — be eliminated. USSG § 5D1.3(b)(1) (2025). That governing policy applies directly to the pending Motion to Modify under 18 U.S.C. § 3583(e)(2) (Dkt. ## 112, 115), which the government has not opposed.

The Tenth Circuit reached the identical conclusion under the same § 3583(d) framework in *United States v. Bycroft*, 155 F.4th 1177 (10th Cir. 2025) (published) — vacating conditions imposed by bare label without condition-specific findings — and twice in *United States v. Caraballo*, No. 25-5106 (10th Cir. June 30, 2026) (unpublished), an appeal from this district, where conditions were vacated for lack of individualized nexus findings. *Mendoza* and *Quiroz* confirm that this conclusion holds across circuits and that financial conditions imposed without the individualized record analysis § 3583(d) demands — particularly credit-approval and financial-disclosure components — are subject to vacatur or modification. The conditions in Morris's judgment are severable; modification of Special Condition 2(a)–(e) to conform to § 3583(d) would not disturb any other aspect of the sentence.

## III. CONCLUSION

Morris respectfully requests that the Court consider *Mendoza* and *Quiroz* in resolving the pending Motion to Modify Conditions (Dkt. ## 112, 115) and the Amended § 2255 Motion (Dkt. ## 113, 114). The convergence of the Tenth Circuit's decisions in *Bycroft* and *Caraballo* with the Fifth Circuit's decision in *Mendoza* — now confirmed by the government's own concession of plain error in *Quiroz* — strongly supports modification of the financial-disclosure and credit-approval components of Special Condition Two to the extent they exceed what restitution collection and legitimate supervision require on this record, and reinforces that modification is warranted under 18 U.S.C. § 3583(e)(2) and Amendment 835.

Respectfully submitted,

Michael Chase Morris, Pro Se
Dated: September 17, 2026

## CERTIFICATE OF SERVICE

I certify that on the date below I deposited a true and correct copy of the foregoing Notice of Supplemental Authority, first-class postage prepaid, addressed to the United States Attorney's Office, Northern District of Oklahoma, 110 West Seventh Street, Suite 300, Tulsa, OK 74119 (Attn: AUSA Thomas E. Duncombe), and I request that the Clerk also serve the United States through the Court's CM/ECF system upon docketing.

Michael Chase Morris, Pro Se
Dated: September 17, 2026

September 17, 2026

Clerk of Court
United States District Court
Northern District of Oklahoma
333 West Fourth Street, Room 411
Tulsa, Oklahoma 74103

**Re:** United States v. Michael Chase Morris, Case No. 15-CR-0115-001-CVE;
Morris v. United States, Civil No. 4:26-cv-00192-CVE-MTS
Notice of Supplemental Authority — United States v. Mendoza,
170 F.4th 921 (5th Cir. 2026)
(Related to Dkt. ## 112, 113, 114, 115, 128)

Dear Clerk of Court:

I am the defendant and movant in the above-referenced matters and am appearing pro se. Enclosed for filing is the original of the following document:

> **Notice of Supplemental Authority in Support of the Motion to Modify Conditions of Supervised Release (Dkt. §§ 112, 115) and the Amended Motion Under 28 U.S.C. § 2255 (Dkt. §§ 113, 114).** This Notice identifies two recent decisions — one published, one unpublished — from the United States Court of Appeals for the Fifth Circuit that bear directly on grounds already pleaded in the Amended § 2255 Motion and the pending Motion to Modify Conditions of Supervised Release. The primary authority is *United States v. Mendoza*, 170 F.4th 921 (5th Cir. 2026) (published, authored by Chief Judge Elrod), in which the Fifth Circuit vacated financial-disclosure and credit-approval conditions of supervised release for failing to satisfy the three independent requirements of 18 U.S.C. § 3583(d). The secondary authority is *United States v. Quiroz*, No. 25-50952 (5th Cir. Sept. 14, 2026) (unpublished), in which the government itself conceded that the same categories of conditions were "plainly erroneous" under § 3583(d), and the Fifth Circuit vacated them without further analysis. The Notice applies both decisions component by component to the five-part Special Financial Condition (Special Condition 2(a)–(e)) imposed in this case, identifies the specific factual deficiencies in the record that bring this case within *Mendoza*'s holding, and demonstrates that the Fifth Circuit's analysis is consistent with and reinforces the Tenth Circuit's own holdings in *United States v. Bycroft*, 155 F.4th 1177 (10th Cir. 2025), and *United States v. Caraballo*, No. 25-5106 (10th Cir. June 30, 2026). This Notice presents no new ground for relief.

**Paper filing.** This document is filed in paper form because, as a pro se party, I am not authorized to file electronically. See LGnR 2-1, Local Rules of the United States District Court for the Northern District of Oklahoma. The document complies with LCvR 5.2 (8½ × 11 inch paper, double-spaced text, 12-point Times New Roman font).

**Docketing instruction.** I respectfully request that the document be filed on the criminal docket, Case No. 15-CR-0115-001-CVE, with the related civil case, No. 4:26-cv-00192-CVE-MTS, noted. Please link the Notice to the Amended § 2255 Motion (Dkt. # 113), its Supplement (Dkt. # 114), the Motion to Modify Conditions (Dkt. ## 112, 115), and the Reply (Dkt. # 128), to all of which

it is directly related. The matter is assigned to the Honorable Claire V. Eagan, Senior United States District Judge.

**Request for delivery of copy to chambers — time sensitive.** The Amended § 2255 Motion (Dkt. ## 113, 114) and the Motion to Modify Conditions (Dkt. ## 112, 115) are fully briefed and currently under submission before Judge Eagan. The government filed no opposition to the Motion to Modify Conditions, and Morris filed a Notice of Non-Opposition and Request for Ruling on that motion in September 2026 (Dkt. # 129). A ruling on one or more of these pending motions may issue at any time. Accordingly, I respectfully request that, upon docketing, the Clerk deliver a copy of this Notice of Supplemental Authority directly to Judge Eagan's chambers so that it is available to the Court before any decision is rendered. I recognize that this request is outside the ordinary course and make it solely because of the immediate bearing the newly decided authority has on the pending decision, not to burden the Court's staff. I am grateful for the Clerk's assistance in this regard.

**Service on the United States via CM/ECF.** Because I do not have access to the Court's CM/ECF system, I respectfully request that, upon docketing, the Clerk effect service of the enclosed Notice on the United States through the Notice of Electronic Filing generated by the Court's CM/ECF system, transmitted to counsel of record, including Assistant United States Attorney Thomas E. Duncombe, a registered CM/ECF participant. Service through the Court's electronic-filing system on a registered user is authorized by Fed. R. Crim. P. 49(a)(3)(A) and Fed. R. Civ. P. 5(b)(2)(E), as implemented through the Court's CM/ECF Administrative Guide adopted under the Local Rules. Out of an abundance of caution, I have also mailed a copy of the enclosed Notice to the United States Attorney's Office by first-class mail, postage prepaid, as reflected in the Certificate of Service accompanying the Notice.

**No filing fee.** This document is filed in the existing criminal case and the existing § 2255 proceeding; no filing fee is required.

Thank you for your assistance in filing this Notice, directing it to the correct case numbers, and bringing it promptly to the attention of Judge Eagan's chambers. Please contact me at the address above if any additional information is needed.

Respectfully submitted,

______________________________

Michael Chase Morris, Pro Se
Register No. 05990-062
Defendant/Movant

**Enclosure:** Notice of Supplemental Authority — *United States v. Mendoza*, 170 F.4th 921 (5th Cir. 2026) (11 pages)

This package is made from post-consumer waste. Please recycle - again.

PRESS FIRM

PAPER POUCH
how2recycle.info

UNITED STATES POSTAL SERVICE®

PRIOR
MAI

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many internationa
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of co

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free
scan the

USPS.CO

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAP
POU

UNITED STATES POSTAL SERVICE®
PirateShip®.com
Make shipping fun

P

usps.com
US POSTAGE
09/17/2026
1 lb 0 oz
U.S. POSTAGE PAID
USPS Ship
Mailed from 74104

Postmark 9/17/2026
15CR115-CVE-1
An

PRIORITY MAIL®

Created 09/17/2026
MICHAEL MORRIS
1423 TERRACE DR STE 4156
TULSA OK 74104-4625

RECEIVED RDC 03
SEP 18 2026
Bonnie N. Hackler, Acting Clerk
U.S. DISTRICT COURT

U.S. DISTRICT COURT
COURT CLERK
333 W 4TH ST UNIT 411
TULSA OK 74101-5817

USPS TRACKING # USPS Ship

9305 5110 4390 0006 0547 80

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.