FILED
SEP 2 5 2026
Bonnie N. Hackler Acting Clerk
U S DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

Case No. 15-CR-0115-CVE

MICHAEL CHASE MORRIS,
Defendant.

# DEFENDANT'S MOTION FOR EXPEDITED RULING ON THE MOTIONS FOR RETURN OF PROPERTY (DKT. ## 116, 124), FOR AN ORDER DIRECTING IMMEDIATE RELEASE OF PROPERTY AND A SWORN ACCOUNTING, AND BRIEF IN SUPPORT

**Statement under LCrR 47-4.** Defendant is in the custody of the Bureau of Prisons, is proceeding pro se, and has no means to confer with counsel for the Government. The Government opposed Dkt. #116 (Dkt. #120) and has filed no response to Dkt. #124. Defendant therefore presumes this Motion is opposed.

Defendant Michael Chase Morris, pro se, moves for an expedited ruling on his Motion for Return of Property (Dkt. #116) and his Motion for an Interim Order Directing the Return of Property (Dkt. #124), and for an order, entered now, directing the United States Probation Office to release the property that no party has claimed any right to keep and to file a sworn accounting of everything seized from him on February 22, 2023 and February 24, 2025.[1]

## I. BOTH MOTIONS ARE RIPE, AND NOTHING REMAINS TO BE BRIEFED

Morris filed Dkt. #116 on July 24, 2026. The Court directed the Government to respond by August 10, 2026, and stated that no reply was necessary. Dkt. #117. The Government responded on August 10. Dkt. #120. The Court granted leave to reply, and the Reply was docketed August 13, 2026. Dkt. ## 121–123. Dkt. #116 has therefore been fully briefed for six weeks.

[1] Defendant files concurrently a Notice of Supplemental Authority addressing *Cannon v. United States*, No. 24-1317 (9th Cir. Sept. 23, 2026) (order and amended opinion), *amending* 179 F.4th 1202 (9th Cir. 2026), and correcting one citation in the Reply. This Motion does not repeat that discussion.

Mail No Cert Svc
C/J C/MJ C/Ret'd No Env
Cpys No Env/Cpys O/J O/MJ

Morris filed Dkt. #124 on August 24, 2026. Under this Court's Local Criminal Rules, "[r]esponses shall be filed within seven days of the motion's filing. After the time for a response has passed, the Court may consider the motion ripe for ruling, even if no response has been filed." LCrR 47-2. The time for a response has long since passed. The Government filed nothing.

Meanwhile, the property remains where it has been. The Federal Rules direct that they be applied "to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. And Rule 41(g) leaves no discretion about the end point: the Court "must receive evidence on any factual issue necessary to decide the motion," and if it grants the motion, "the court must return the property to the movant." Fed. R. Crim. P. 41(g).

## II. NO PARTY HAS ASSERTED ANY LAWFUL BASIS TO RETAIN ANYTHING

Once the criminal proceedings end, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Clymore v. United States*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). "[S]eized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated," and "the government may not by exercising its power to seize, effect a de facto forfeiture by retaining the property seized indefinitely." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (internal quotation marks and citations omitted).

The proceedings in which the property was seized ended with the judgments of April 3, 2023 and March 28, 2025. Dkt. ## 75, 98. No appeal followed either. The United States Attorney's Office declined new charges in May 2025. Dkt. #120 at 3. The Government's Response does not claim that any item is contraband, that any item is subject to forfeiture, that any item is needed as evidence, or that Morris is not entitled to possess any item. Dkt. #120. Its only request is that the

Court deny relief "to the extent [the motion] seeks materials from entities other than the United States Probation Office." *Id.* at 4. The Government has thus identified the custodian and conceded, by silence, the only question that matters: there is no lawful reason to keep Morris's wallet, driver's license, Social Security card, currency, devices, or papers.

## III. THE RETENTION VIOLATES THE JUDICIAL CONFERENCE'S REQUIREMENTS FOR THIS COURT'S OWN OFFICERS

Searches by federal probation officers are governed by the Search and Seizure Guidelines approved by the Judicial Conference in September 2010 and published at Guide to Judiciary Policy, Vol. 8E, Ch. 3, Appx. 3A ("Appx. 3A").[2] They require a written record at every step. Officers "should follow proper chain of custody procedures: a. Photograph evidence at the location where it was found; b. Bag, label, and inventory any seized property; c. Provide a receipt to the defendant or offender and return non-contraband items to the offender when they are no longer needed by the court." Appx. 3A § VIII.D.2. "After the search has been executed, the officer shall enter a post-search report in SIRS and log any seized property into the SIRS case property inventory." *Id.* § IX.A. "Seized property that is not contraband or otherwise prohibited property should be returned to its owner once it is no longer needed by the court." *Id.* § IX.C. And "[i]f seized property cannot be returned to the owner or a designee, or has been abandoned, the officer should notify the court." *Id.* § IX.D. The evidence custodian "[r]eleases non-contraband property to the offender . . . or designee after property has fulfilled its evidentiary value" and "[m]aintains

---

[2]Morris does not contend that the special search condition was invalid, and he does not seek suppression of anything or relitigate either revocation. The Appendix 3A requirements are cited for two purposes only: they define what this Court's own officers were required to record and to do with seized property, and they identify the documents that should already exist and can be produced quickly. Appendix 3A itself provides that controlling case law prevails over any inconsistent guideline. Appx. 3A § I.D.2.

an inventory of all property contained within a secured environment and records when seized property has been transferred or returned." *Id.*, Attach. 1 § VI.D–E.

Measured against those requirements, the record shows the following:

| Requirement | Appx. 3A | What the record shows |
|---|---|---|
| District search policy adopted by the Court before any search | § I.C.1 | None identified by the Government (Dkt. #120) |
| Search plan submitted and approved in SIRS | § VII.E.1 | None identified |
| Seize only contraband or evidence of a violation | § II.A.2 | Wallet, driver's license, Social Security card, currency, monitors, scanner seized (Dkt. #120 at 2–3; Dkt. #123, App. A ¶¶ 3, 5) |
| Photograph; bag, label, and inventory seized property | § VIII.D.2.a–b | No inventory produced; Government counts "approximately 11" devices (Dkt. #120 at 3) |
| Receipt to the offender | § VIII.D.2.c; Attach. 1 § V.E | None ever provided (Dkt. #123, App. A ¶¶ 2, 5, 7) |
| Post-search report and SIRS property inventory | § IX.A | None identified |
| Custodian records every transfer and return | Attach. 1 § VI.E | No transfer record for October 10, 2025 or August 4, 2026 (Dkt. #120 at 3) |
| Return non-contraband property to owner once not needed by the court | § IX.C; Attach. 1 § VI.D | Nothing returned in 43 months (Dkt. #123, App. A ¶ 8) |
| Notify the Court if property cannot be returned | § IX.D | No notice on the docket after the August 2023 episode (Dkt. ## 76–116) |
| Annual internal audit of seized property | § IX.F | None identified; property spanned three audit years |

The Tenth Circuit has recognized the same obligation from the executive side: "the United States has an affirmative obligation to keep and maintain records of seized property," and for that reason "cannot blithely argue" that retrieving those records will be difficult. *Rodriguez-Aguirre*, 264 F.3d at 1208. When the Government does carry its burden in a Rule 41 proceeding, it does so with evidence: agent testimony, video recordings of the seizures, testimony that notice of abandonment was given, and a receipt signed by the person to whom property was returned. *See United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1183–84 (10th Cir. 2005). Here the

Government has offered none of that. It has offered counsel's "understand[ing]" of what unidentified agents reported. Dkt. #120 at 3.[3]

## IV. THE HISTORY OF THIS RETENTION REQUIRES AN ORDER WITH DEADLINES

The undisputed chronology, taken from the Government's own Response and this Court's docket, is this:

1. February 22, 2023: probation officers seize Morris's wallet (with his driver's license, Social Security card, and currency), briefcase, phones, computers, card readers, bank and gift cards, and financial records. Dkt. #120 at 2; Dkt. #123, App. A ¶ 3. No inventory or receipt is given. Dkt. #123, App. A ¶ 2.
2. The property leaves the Probation Office and is held by executive-branch agents. Dkt. #120 at 1, 3.
3. August 8, 2023: Morris writes to this Court asking for his wallet, driver's license, and Social Security card. Dkt. #76. After Morris's brother does not return several telephone calls from agents, nothing is returned, no one writes to Morris, and no response to the letter is ever filed. Dkt. #120 at 2; Dkt. #123, App. A ¶ 4. The docket shows no entry of any kind for the next eighteen months.
4. February 24, 2025: a second arrest and a search of the residence, and more property is seized. Dkt. #120 at 3; Dkt. #123, App. A ¶ 5.

---

[3]Appendix 3A permits outside law enforcement to assist with, among other things, preserving electronic evidence and "[t]aking custody of *contraband* seized during the search." Appx. 3A § VII.D.3.b–c (emphasis added); *see also id.* § VIII.D.3 (electronic evidence may be secured "so that it can be moved off-site for forensic analysis"). Morris does not dispute that devices could be analyzed. No provision authorizes an executive agency to hold non-contraband property of a supervised person for years pending a charging decision, and none dispenses with the inventory, receipt, and SIRS entries required at the time of seizure.

5. May 2025: the United States Attorney's Office declines new charges and directs that everything be returned to Probation. Dkt. #120 at 3.
6. October 10, 2025: five months later, "the majority" of the property reaches Probation. *Id.*
7. August 2026: only after this Court ordered a response, and only "after double-checking," agents discover "approximately 11 electronic devices" still in their possession and deliver them to Probation on August 4, 2026, fifteen months after the directive to return them. *Id.*
8. As of the date of this Motion, forty-three months after the first seizure, nothing has been returned to Morris. *See* Dkt. #123, App. A ¶ 8 (same, as of August 11, 2026). No inventory, receipt, or accounting has ever been produced.

Each step departed from a written requirement, and each departure ran in the same direction: toward keeping the property, and away from any record of it. Property that no one claims is contraband was held as "evidence" in a matter in which charges were declined. Dkt. #120 at 3. A written request to this Court went unanswered for three years. Devices were located only when a court order forced someone to look. And the Government's answer to a motion seeking a sworn accounting is that the property has been moved down the hall. The Court need not decide why this happened in order to end it.[4] But the history shows why another informal referral will not work. What is required is an order with a deadline, directed to the custodian this Court appoints and supervises.

---

[4]Morris does not ask the Court to make any finding about the motives of any officer or agent on this record, and he does not seek damages or relief against any individual. He reserves the right to seek appropriate further relief if the accounting shows that any property, including currency, cannot be located or was not recorded.

## V. THE COURT CAN ACT NOW, THROUGH ITS OWN OFFICERS

No cooperation from the Executive is needed. The Government represents that it holds none of the property; that the property seized in 2023 was delivered to the Probation Office on or about October 10, 2025 and on August 4, 2026; and that the property seized in 2025 was taken by the Probation Office and never obtained by the Government. Dkt. #120 at 3–4. On the Government's own account, then, every item is in the custody of this Court's officers. Probation officers are appointed "to serve . . . within the jurisdiction and under the direction of the court making the appointment." 18 U.S.C. § 3602(a). Each officer must "keep a record of his work" and must "perform any other duty that the court may designate." 18 U.S.C. § 3603(5), (10). The Court may therefore direct the Chief Probation Officer to release the property and to account for it, today, without awaiting anything further from the parties. The records needed for the accounting—SIRS entries, search plans, inventories, receipts, and transfer logs—are records Appendix 3A required to be created at the time. If they exist, compliance is a matter of days. If they do not, that fact is itself what the Court needs to know.

## VI. THE PROBATION OFFICE SHOULD DELIVER THE PROPERTY, NOT MERELY MAKE IT AVAILABLE

Morris did not remove his property from his residence, his office, or his vehicle; officers did. The property seized on February 24, 2025 was taken from the residence at 2909 S. 107th E. Ave., Tulsa, Oklahoma, where Morris rented a room in a house owned or leased by his brother, Mark A. Morris. Dkt. #120 at 3; Dkt. #123, App. A ¶ 5. Morris is in federal custody and cannot retrieve anything. Dkt. #123, App. A ¶ 10. The Government's own account shows what happens when return is made to depend on the owner's family arranging a pickup: in August 2023 a return was discussed, telephone calls went unreturned, and nothing was returned for the next three years. Dkt. #120 at 2. Rule 41(g) places the obligation on the Court and its officers, not on the movant:

if the motion is granted, "the court must return the property to the movant." Fed. R. Crim. P. 41(g). And the Court may designate delivery as a duty of its officers. 18 U.S.C. § 3603(10).

Morris therefore asks that the Probation Office deliver the property to his designee, Mark A. Morris, at 2909 S. 107th E. Ave., Tulsa, Oklahoma 74129, at a time arranged with him by telephone at (918) 829-5672 or by e-mail at markmorris918@gmail.com, and that the delivering officer obtain a receipt, signed by the designee, listing each item delivered. The property was seized in Tulsa, and this Court sits in Tulsa. Delivery imposes a negligible burden, and a signed, itemized receipt is precisely the kind of record Appendix 3A required at the time of seizure and that the Government would itself rely on to prove a return. *See* Appx. 3A § VIII.D.2.c; *Rodriguez-Aguirre*, 414 F.3d at 1184.

## VII. REQUEST FOR EVIDENTIARY HEARING (LCrR 47-8)

If any fact material to the return of the property is disputed after the accounting is filed—including what was seized, the amount of currency, the present location of any item, or whether any copy or image of seized data was retained—Rule 41(g) requires the Court to "receive evidence." Fed. R. Crim. P. 41(g). The Government bears the burden. *Clymore*, 245 F.3d at 1201. Morris requests a hearing on any such disputed fact and requests leave to appear by video. The Government's position on a hearing is unknown; its Response does not address one. Morris estimates that a hearing would require no more than two hours.

## VIII. RELIEF REQUESTED

Morris respectfully requests that the Court rule on Dkt. ## 116 and 124 within fourteen days or at the Court's earliest opportunity, and enter the accompanying proposed order, which:

1. directs the United States Probation Office to deliver to Morris's designee, Mark A. Morris, at 2909 S. 107th E. Ave., Tulsa, Oklahoma 74129, within seven days, his

wallet, driver's license, Social Security card, and all other identification documents, and, within fourteen days, all other seized property that no party has claimed a right to retain, obtaining the designee's signed, itemized receipt for each delivery;

2. directs the Chief United States Probation Officer to file, within fourteen days, an accounting under 28 U.S.C. § 1746 by an officer with personal knowledge that (a) lists every item seized on February 22, 2023 and February 24, 2025, with its present location and custodian; (b) states separately the amount of any United States currency seized on each date, where it is held, and whether any party claims a right to it; (c) attaches, or states the nonexistence of, the search plans, SIRS post-search reports, SIRS property-inventory entries, receipts, chain-of-custody records, transfer records for October 10, 2025 and August 4, 2026, and the most recent annual audit required by Appx. 3A §§ VII.E.1, VIII.D.2, IX.A, IX.F, and Attach. 1 §§ V.E–F, VI.E; and (d) states whether each of those requirements was performed and, if not, why;
3. directs the Government to file, within fourteen days, a declaration identifying the agency that held the property, the dates it held it, and whether any copy or forensic image of seized data was made, provided to any person, or retained after May 2025;
4. orders that no seized property, currency, or data derived from seized property be transferred, disposed of under 41 C.F.R. pt. 102-41 or otherwise, or destroyed pending further order; and

5. sets an evidentiary hearing on any fact that remains disputed after these filings, or, alternatively, sets a status conference within twenty-one days.

Morris designates the following person to receive property on his behalf and consents to delivery to that person: Mark A. Morris, 2909 S. 107th E. Ave., Tulsa, Oklahoma 74129; telephone (918) 829-5672; e-mail markmorris918@gmail.com.

Respectfully submitted,

Michael Chase Morris, Pro Se
Dated: September 24, 2026

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I deposited a true and correct copy of the foregoing Motion, together with the proposed order, first-class postage prepaid, addressed to the United States Attorney's Office, Northern District of Oklahoma, 110 West Seventh Street, Suite 300, Tulsa, Oklahoma 74119 (Attn: AUSA David D. Whipple), and I request that the Clerk also serve the United States through the Court's CM/ECF system upon docketing.

______________________________
Michael Chase Morris, Pro Se
Dated: September 24, 2026

Insert shipping document here.

This envelope is only for FedEx Express® shipments.
...s get your package safely to its destination by packing your
Need help? Go to **fedex.com/packaging** for packing tips.
...dEx Express shipping document, the current FedEx Service
...onditions of carriage for complete terms, conditions and

MS

ORIGIN ID:TULA (918) 417-2143
MICHAEL MORRIS

1423 TERRACE DR
SUITE 4156
TULSA, OK 74104
UNITED STATES US

SHIP DATE: 24SEP26
ACTWGT: 0.50 LB
CAD: 269047051/INET
[redacted]

0741 FRI 09/25 06 51
US DISTRICT COURT
333 W 4TH ST
STE 411
TULSA OK
633070
E
74103-3819-11
221-5076
ETP: 2 SP.PD.100.Y
1195274243610007410300877720091306

TO COURT CLERK
US DISTRICT COURT
333 W 4TH ST
STE 411
TULSA OK 74103
(918) 699-4700 REF:
INV:
PO: DEPT:

58KJ5/0166/

FedEx Express
E
J26102602120O1uv

FedEx
TRK# 0201 8777 2009 4306
FRI - 25 SEP AA
STANDARD OVERNIGHT
48 TULSG
TULA 74103
OK-US
TUL

25 SEP 5:00P
RD OVERNIGHT
TULA 74103
OK-US TUL

4162519 24Sep2026 BKARG 58KG5/0166/484B

04/09/25 23:20

postmark 9/26/26
1555-LCO